UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENIS ALFREDO VELASQUEZ O,<br><br>Petitioner,<br><br>v.<br><br>ICE FIELD OFFICE, et al.,<br><br>Respondents. | Case No. 26-cv-01403-TMC<br><br>ORDER DENYING MOTION TO ENFORCE JUDGMENT |

Petitioner Denis Alfredo Velasquez O has been detained at the Northwest Immigration and Customs Enforcement Processing Center since March 18, 2026. Dkt. 8 ¶ 5. On May 19, 2026, the Court granted Petitioner's petition for writ of habeas corpus and ordered Respondents to "release him or provide him a bond hearing under 8 U.S.C. § 1226(a)" within 14 days of receiving his request for such a hearing. Dkt. 13 at 4. It is unclear from the record when the bond hearing was held before an Immigration Judge ("IJ") but the fact that it was held is apparent from the motion to enforce the judgment filed by Petitioner on June 24. Dkt. 16.

In the motion, Petitioner asserts that the bond hearing that was held pursuant to this Court's Order violated his procedural due process rights and that the IJ's decision denying bond was an abuse of discretion. Dkt. 16 at 1. Petitioner asks the Court to address these issues through

ORDER DENYING MOTION TO ENFORCE JUDGMENT - 1

this motion to enforce the judgment. But this motion is not the proper means to raise these new claims. Instead, they must be brought in another habeas petition.

When a party fails to comply with a judgment requiring the performance of a "specific act," a district court may enforce the judgment by "order[ing] the act to be done . . . by another person appointed by the court." Fed. R. Civ. P. 70(a); *Rose v. Guyer*, 961 F.3d 1238, 1245 (9th Cir. 2020). Rule 70(a) "authorizes a district court to enforce its judgment 'only when a party refuses to comply with [the] judgment.'" *Rose*, 961 F.3d at 1245 (alteration in original) (quoting *McCabe v. Arave*, 827 F.2d 634, 639 (9th Cir. 1987)).

Respondents have already complied with the sole remedy ordered by the Court on May 19: "a bond hearing under 8 U.S.C. § 1226(a)." Any claims regarding the constitutional sufficiency of that hearing or the substance of the IJ's decision—essentially, new grounds for relief—should instead be raised in a new habeas petition. *See Martinez v. Clark*, 124 F.4th 775, 779–80 (9th Cir. 2024). Accordingly, the motion to enforce the judgment (Dkt. 16) is DENIED.

Dated this 25th day of June, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING MOTION TO ENFORCE JUDGMENT - 2